[Cite as *State v. Delevie*, 2019-Ohio-3563.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18-CA-111 |
| | : | |
| RAYMOND DELEVIE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County
                                Municipal Court, Case No. 18TRD13235

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         September 3, 2019

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

J. MICHAEL KING                         RAYMOND DELEVIE
City of Newark                          131 S. Roosevelt Ave.
40 West Main St.                        Bexley, OH 43209
Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Raymond Delevie appeals from the November 6, 2018 Court Entry of the Licking County Municipal Court.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose shortly before 12:19 p.m. on October 5, 2018, in the eastbound traffic lanes of Interstate 70 in Bowling Green Township, Licking County.

{¶3} Close to where the crash occurred, eastbound traffic consisted of three lanes.  Near milepost 135, however, a flashing billboard indicated the right lane was closed due to construction.  The right lane was closed at milepost 138, reducing eastbound traffic to two lanes.

{¶4} Also near milepost 135 was a permanent sign warning drivers that the left lane ended in three-quarters of a mile.  A second sign states the left lane ends and drivers must merge to the right.

{¶5} Due to the right-lane closure and the left-lane termination, eastbound traffic was reduced to a single lane of travel: the center lane.

{¶6} At the time of these events, traffic was heavy and moving slowly due to the right-lane closure.  Eric Stone was operating his tractor-trailer "semi" eastbound, in the center lane.  Near the point where the left lane ends, the roadway has a significant grade. Although Stone was only traveling about 10 miles per hour, he was accelerating to get the semi up the incline.

{¶7} As the left lane was about to terminate, Stone observed a car to his left, in the terminating left lane.  The driver, appellant, ran out of room in the left lane and entered

Stone's lane of travel. The passenger-side mirror of appellant's car struck a side signal light located at the middle of the trailer.

{¶8} Stone and appellant each drove on to a rest stop about four miles away before stopping and contacted the Ohio State Highway Patrol.

{¶9} Trooper Sawyers was dispatched and investigated the crash. Stone said he had a dash camera, but the video was not working that day. Both drivers answered Sawyers' questions and completed written statements. Sawyers observed the damage to the vehicles and took photos.

{¶10} Sawyers determined appellant was at fault in the crash and that the mechanism of the crash was straightforward: Stone had achieved his lane and was proceeding straight in the center lane; appellant attempted to move into Stone's lane of travel without ensuring he could safely do so. Appellant struck Stone's vehicle. Sawyers noted the highway signage was clearly marked to give drivers three-quarters of a mile to move out of the terminating left lane. Despite the fact that traffic was backed up due to construction, appellant was obligated to merge safely.

{¶11} Appellant was charged by Uniform Traffic Ticket (U.T.T.) with one count of traffic control devices pursuant to R.C. 4511.12 and one count of turn signal violation pursuant to R.C. 4511.39. Both offenses are minor misdemeanors. Appellant entered pleas of not guilty and the matter proceeded to bench trial. Appellant moved for a judgment of acquittal at the close of appellee's evidence, but the motion was overruled. Appellant rested without presenting evidence.

{¶12} Appellant was found guilty as charged. The trial court imposed a fine of twenty-five dollars upon each count, plus court costs.

{¶13} Appellant now appeals from the judgment entry of his convictions and sentence.

{¶14} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I.   THE TRIAL COURT ERRED IN FINDING THAT APPELLANT VIOLATED R.C. 4511.12 (TRAFFIC CONTROL DEVICES) AND R.C. 4511.39 (TRAFFIC SIGNAL DEVICES) BECAUSE, AS A MATTER OF LAW, PLAINTIFF FAILED TO PRODUCE SUFFICIENT EVIDENCE, NECESSARY TO PROVE EVERY FACT BEYOND A REASONABLE DOUBT, TO ESTABLISH THE ELEMENTS OF EACH OFFENSE."

{¶16} "II.  THE TRIAL COURT ERRED IN FAILING TO FIND THAT R.C. 4511.12 AND R.C. 4511.39 ARE ALLIED OFFENSES OF SIMILAR IMPORT UNDER R.C. 2941.25 AND *STATE V. ROGERS.*"

{¶17} "III.   THE TRIAL COURT ERRED IN FINDING THAT APPELLANT VIOLATED BOTH R.C. 4511.12 AND R.C. 4511.39 BECAUSE THE EVIDENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. (*sic*)."

**ANALYSIS**

I., III.

{¶18} Appellant's first and third assignments of error are related and will be considered together.  Appellant contends his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.  We disagree.

{¶19} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.  *State v. Thompkins*, 78 Ohio St.3d 380,

1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶20} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶21} Appellant was cited pursuant to R.C. 4511.12(A), "traffic control devices," which states in pertinent part: "No * * * driver of a vehicle* * * shall disobey the instructions of any traffic control device placed in accordance with this chapter, unless at the time otherwise directed by a police officer." He was also cited pursuant to R.C. 4511.39(A), "turn signals," which states in pertinent part: "No person shall turn a vehicle * * * or move

right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."

{¶22} The record before us includes appellee's exhibit 1, a photo of the damage to the passenger-side mirror of appellant's vehicle. Appellee's exhibit 2 is a photo of Stone measuring the height of the point at which appellant made contact with his trailer. Appellee's exhibit 3 is a photo of a scuff mark from appellant's side mirror. Appellee's exhibits 4 and 5 are photos of the large orange overhead sign stating, "Left lane ends ¾ mile." Appellee's exhibit 6 is a photo of a large orange overhead sign stating, "Left lane ends merge right." The record also includes appellant's exhibit 1, the traffic crash report of the OSHP; exhibit 2, the U.T.T.; exhibit 3, appellant's written statement; and exhibit 4, the Ohio Manual of Uniform Traffic Control Devices.

{¶23} Appellee's evidence consisted of the exhibits cited supra and the testimony of Stone and Sawyers. Drivers in the left eastbound lane of Interstate 70, less than a mile before where this crash occurred, are warned by two permanent fixtures first that the left lane will end in three-quarters of a mile, and then that the left lane ends and they must merge right. The orange signs depicted in appellee's exhibits 4, 5, and 6 are "traffic control devices" within the meaning of R.C. 4511.01(QQ) ["Traffic control device" means a * * * sign * * * used to regulate, warn, or guide traffic, placed on, over, or adjacent to a street, highway * * * by authority of a public agency * * *."] Appellant disobeyed the traffic control devices, failed to merge in time, and unsuccessfully attempted to pass the semi driven by Stone. Appellant proceeded without caution into Stone's lane, striking the trailer with his mirror. R.C. 4511.39 requires a motorist both to use reasonable care *and* to signal when

making a turn, and failure to do either gives rise to a traffic violation. *State v. Richardson*, 94 Ohio App.3d 501, 505, 641 N.E.2d 216 (1st Dist.1994), abrogated on other grounds by *Dayton v. Erickson*, 76 Ohio St.3d 3, 1996-Ohio-431, 665 N.E.2d 1091 (1996). The evidence patently established violations of R.C. 4511.39 and R.C. 4511.12(A).

{¶24} Appellant makes several arguments why his convictions upon each of these offenses are not supported by sufficient evidence and are against the manifest weight of the evidence. We find these arguments unavailing upon our review of the unequivocal evidence presented at trial.

{¶25} Appellant asserts there is "reasonable doubt" that he is guilty of the offenses because the trial court observed appellant presented an "interesting case" and the trial is subject to review by another court. We do not agree with appellant that the trial court's observations are admissions of reasonable doubt as to appellant's guilt.

{¶26} Appellant argues the testimony of Eric Stone violates the "physical facts rule" and therefore should have been discounted by the trial court. The "physical-facts rule" states that "[t]he testimony of a witness which is positively contradicted by the physical facts cannot be given probative value by the court." *McDonald v. Ford Motor Co.*, 42 Ohio St.2d 8, 12–14, 326 N.E.2d 252, 254–55 (1975), citing *Lovas v. General Motors Corp.*, 212 F.2d 805, 808 (6 Cir. 1954). This is not a case requiring application of the physical-facts rule because Stone's testimony is not positively contradicted by the physical evidence. "The palpable untruthfulness' of plaintiff's testimony requiring a trial court to take a case from the jury under the physical facts rule 'must be (1) inherent in the rejected testimony, so that it contradicts itself or (2) irreconcilable with facts of which, under recognized rules, the court takes judicial knowledge or (3) is obviously inconsistent

with, contradicted by, undisputed physical facts.'" *McDonald v. Ford Motor Co.*, supra, citing *Duling v. Burnett*, 22 Tenn.App. 522, 124 S.W.2d 294 (1938). In the instant case, we find the physical-facts rule cannot be applied to Stone's testimony because there is no such "palpable untruthfulness." The physical evidence, and Sawyers' investigation, corroborate Stone's testimony.

{¶27} Appellant supports his argument with a number of theories premised upon facts not in evidence. The mechanism of the crash in the instant case is straightforward and easily gleaned from the record as noted supra. Moreover, the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79.

{¶28} Appellant asserts Stone effectively "cut him off" and failed to yield to him. The uncontroverted evidence at trial established, however, that Stone had at all times maintained his lane of travel and was under no duty to yield to appellant, who in turn failed to follow instructions to merge because his lane was ending. Appellant was further required to make any movement with due care, but he instead effectively side-swiped the semi as he entered its lane.

{¶29} Appellant also argues there is reasonable doubt as to his guilty because Trooper Sawyers "allowed [Stone] to drive off without seizing the dash cam." The uncontroverted evidence at trial established Stone's dash cam was not working on the date of the crash. Further, appellant offers sheer speculation as to the evidentiary value of the video, had it existed.

{¶30} We simply do not find that appellant's theories are supported by the straightforward evidence of how this crash occurred. Moreover, any inconsistencies in

the evidence were for the trial court to resolve. *State v. Dotson*, 5th Dist. Stark No. 2016CA00199, 2017-Ohio-5565, 2017 WL 2815197, ¶ 49. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." *State v. Brindley,* 10th Dist. Franklin No. 01AP-926, 2002-Ohio-2425, 2002 WL 1013033, ¶ 16.

{¶31} We find in the instant case that appellant's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence.  His first and third assignments of error are overruled.

II.

{¶32} In his second assignment of error, appellant argues the trial court should have found R.C. 4511.12 and R.C. 4511.39 are allied offenses of similar import.  We disagree.

{¶33} R.C. 2941.25 states as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶34} For the first time on appeal, appellant argues that R.C. 4511.12 (traffic control devices) and R.C. 4511.39 (turn signal violations) are allied offenses of similar import.  An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.  Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.  *Id.*

{¶35} In *State v. Ball*, 5th Dist. Licking No. 18-CA-1, 2018-Ohio-2942, at ¶ 49, we noted the decision of the Ohio Supreme Court in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, revising its allied-offense jurisprudence.  A trial court, and the reviewing court on appeal, when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A), must first take into account the conduct of the defendant.  *Id.*  In other words, how were the offenses committed? *Id.*  If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.  *Id.*

{¶36} Appellant has not met his burden of establishing a reasonable probability that his convictions are allied offenses. One can disobey a traffic signal without committing a turn-signal violation, and vice-versa. Therefore, the charged offenses are of dissimilar import. The act of failing to timely merge right was committed separately from the failure to move right upon the highway without exercising due care. Appellant was appropriately subjected to two separate and distinct charges, one charge for failing to obey the traffic signals and another charge for moving into Stone's lane without due care.

{¶37} There may be instances when a court's failure to merge allied offenses can constitute plain error, but this case does not present one of those instances. Appellant failed to demonstrate any probability that he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus, and he therefore failed to show any prejudicial effect on the outcome of the proceeding. *Ball*, supra, 2018-Ohio-2942, ¶ 54, and *Rogers,* 2015-Ohio-2459 at ¶ 25.

{¶38} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶39} Appellant's three assignments of error are overruled and the judgment of

the Licking County Municipal Court is affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.