[Cite as *State v. Brauchler*, 2020-Ohio-2731.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 19CA010 |
| | : | |
| BARRY L. BRAUCHLER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Holmes County Court
                                    of Common Pleas, Case No. 18CR030

JUDGMENT:                           AFFIRMED

DATE OF JUDGMENT ENTRY:             April 29, 2020

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

ROBERT K. HENDRIX                          DAVID M. HUNTER
Holmes Co. Prosecutor's Office             244 West Main St.
164 E. Jackson St.                         Loudonville, OH 44842
Millersburg, OH 44654

*Delaney, J.*

{¶1}   Appellant Barry L. Brauchler appeals from the February 12, 2019 Judgment Entry of Sentencing of the Holmes County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from the record of appellant's jury trial.

{¶3}   On January 31, 2018, around 10:30 a.m., a drive-through teller at a bank on North Clay Street in Millersburg noticed a car stopped in the bank's fourth lane.  The fourth lane is a lane of travel used to exit the parking lot.  A man got out of the vehicle, a dark green Lincoln, and paced back and forth.  He did not approach the A.T.M. or otherwise appear to have business at the bank.

{¶4}   As the teller watched from the drive-through window, she saw the man pacing agitatedly, talking on a cell phone.  He waved his arms in the air and walked toward bank customers parked in other drive-through lanes, gesturing at them.  The teller called the bank manager over to watch, and they observed one customer roll up her window and drive off without conducting her transaction.  At one point the man threw his cell phone down in the parking lot.  The teller described the man's behavior as "unusual" and threatening toward the bank customers.  The employees did not want to confront the man.

{¶5}   Unnerved, the bank employees locked the doors and called the Millersburg Police.  Captain Kim Hermann was dispatched for a report of a person with vehicle trouble.  He found the man, identified as appellant, standing outside the Lincoln with its trunk open.  Hermann asked appellant "what was going on," and appellant responded that he was very thirsty.  He also said "someone had taken over control of his vehicle and

his cell phone." Hermann asked appellant for I.D. and he provided his driver's license. Hermann ran the license and registration and found that appellant did not have any active warrants and the Lincoln belonged to appellant's mother. Hermann noted appellant's mouth was visibly extremely dry and his pupils were dilated. Appellant repeated that he was very thirsty. Hermann asked appellant what he was on and appellant responded that someone forced him to use meth.

{¶6} The driver's door of the vehicle was open, and Hermann observed a marijuana "joint" in plain sight on the floor in front of the passenger seat. When asked about the marijuana, appellant said it wasn't his but he had smoked it. Hermann asked appellant whether he mother was home but appellant said she was working; Hermann had determined that appellant would not be permitted to drive away from the scene and would have to be picked up.

{¶7} At that point, Hermann intended to write appellant a minor-misdemeanor citation for marijuana possession and to call someone to give appellant a ride. When Hermann asked appellant to sit in the backseat of the cruiser, though, appellant threw his cell phone to the ground and took off "at a jog." Hermann ran after him, toward a sidewalk leading to the town square. Hermann asked appellant to return to the scene and appellant cooperated, turning around and returning to the bank parking lot without requiring Herrmann to apprehend him.

{¶8} Hermann placed appellant in the back seat of the cruiser and initially allowed him to keep his feet outside of the vehicle because appellant did not want the door shut. Hermann permitted this because appellant was calm and cooperative at that point. Hermann still intended to write a minor-misdemeanor citation for marijuana

possession. Another police officer arrived on the scene, Deputy Stryker from the Holmes County Sheriff's Department. Hermann asked Stryker to search appellant's vehicle due to the marijuana "joint" Hermann had spotted, and Stryker began to search the vehicle. Appellant agreed to put both feet inside the cruiser so Hermann could close the door. Hermann and Stryker were talking to each other when Hermann saw the door of the cruiser "bulging out" from being struck from the inside and heard "banging" from inside the vehicle. Hermann opened the door, intending to arrest appellant for criminal damaging. Appellant would not permit Hermann to handcuff or subdue him, and resisted by raising his arms and struggling inside the vehicle. Stryker got involved and eventually helped cuff appellant's hands in front of him.

{¶9} The bank employees watched the entire encounter from inside the bank. They observed appellant put his feet inside the cruiser and saw Hermann shut the door; then they observed the cruiser "physically shaking" and saw the officers open the doors to attempt to calm appellant. The employees could not see inside the cruiser but assumed appellant was kicking the door.

{¶10} Hermann testified that the molding of the cruiser door was pulled off, and he and Stryker both had minor injuries from the altercation, Hermann to his knee and Stryker to his knuckle. Eventually appellant was cuffed, but a squad was called and appellant was transported to a hospital under sedation. The vehicle was towed.

{¶11} Appellant was charged by indictment as follows: Count I, obstructing official business pursuant to R.C. 2921.31(A) and R.C. 2921.31(B), a felony of the fifth degree; Count II, resisting arrest pursuant to R.C. 2921.33(B) and R.C. 2921.33(D), a misdemeanor of the first degree; Count III, criminal damaging or endangering pursuant

to R.C. 2909.06(A)(1) and R.C. 2909.06(B), a misdemeanor of the second degree; Count IV, disorderly conduct pursuant to R.C. 2917.11(B)(1) and R.C. 2917.11(E)(3)(a), a misdemeanor of the fourth degree; and Count V, possession of marijuana pursuant to R.C. 2925.11(A) and R.C. 2925.11(C)(3)(a), a minor misdemeanor. Count V is accompanied by a forfeiture specification pursuant to R.C. 2941.1417(A).

{¶12} Appellant entered pleas of not guilty and filed a motion to suppress. Appellee filed a memorandum in opposition. A suppression hearing was held and the trial court overruled the motion to suppress by judgment entry dated September 19, 2018.

{¶13} On January 18, 2019, appellee filed a Notice of State's Intention to Use Evidence, asserting appellee would introduce evidence of the following prior convictions of appellant pursuant to Evid.R. 404(B) and R.C. 2945.59: 2001 robbery and abduction, 2005 having weapons while under disability, and 2009 receiving stolen property and misuse of credit cards. Appellant filed a motion in limine to exclude evidence of other crimes, wrongs, or acts. On February 12, 2019, the trial court filed an Opinion and Judgment Entry stating that although the prior convictions cited by appellee are over 10 years old, Evid.R. 609 permits inclusion if the proponent gives the adverse party sufficient advance written notice and provides the adverse party with fair opportunity to contest the use of the evidence. In the instant case, the trial court ruled appellee complied with Evid.R. 609 and therefore the prior felony convictions were admissible if appellant testified and could be cross-examined on their validity.

{¶14} The matter proceeded to trial by jury, and the minor-misdemeanor drug possession charge was heard by the trial court. Appellant moved for judgments of acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence and at the close

of all of the evidence; the motions were overruled. Appellant was found guilty as charged and the trial court imposed a prison term of 11 months.

{¶15} Appellant filed a motion for leave to file a delayed appeal, which we granted.

{¶16} Appellant now appeals from the February 12, 2019 Judgment Entry of Sentencing.

{¶17} Appellant raises four assignments of error:

**ASSIGNMENTS OF ERROR**

{¶18} "I.  WHETHER THE CONVICTIONS FOR OBSTRUCTING OFFICIAL BUSINESS, CRIMINAL DAMAGING, AND RESISTING ARREST ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?

{¶19} "II.  WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION IN LIMINE?"

{¶20} "III.  WHETHER THERE WAS MISCONDUCT OF THE PROSECUTOR THAT VIOLATED APPELLANT'S RIGHT TO A FAIR TRIAL?"

{¶21} "IV.  WHETHER THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?"

**ANALYSIS**

I.

{¶22} In his first assignment of error, appellant argues his convictions upon Counts I through III are against the manifest weight of the evidence.[1]  Although not specified in the assignment of error, appellant also challenges the sufficiency of the

---

[1] Appellant does not challenge his convictions upon Count IV, disorderly conduct, and Count V, possession of marijuana.

evidence supporting his convictions.  We find appellant's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence.

{¶23} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶24} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶25} Appellant challenges appellee's evidence upon certain elements of each offense and we will examine each in turn.

{¶26} Regarding his conviction for obstructing official business [Count I], appellant argues there was no evidence that his actions inside the police car "alleged[ly] banging on the door" delayed performance of the officers' official duties, nor created a risk of physical harm to either officer. He also argues there is no evidence his actions were purposeful. "A person acts 'purposely' when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A). Appellant was found guilty of one count of obstructing official business pursuant to R.C. 2921.31(A), which provides, "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." Pursuant to R.C. 2921.31(B), obstructing official business is a felony of the fifth degree if the violation creates a risk of physical harm to any person. R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶27} Appellant's actions inside the cruiser were not merely "alleged;" he admitted striking the door with his shoulder to get the officers' attention. There is ample evidence appellant's actions were purposeful. His actions inside the police cruiser of kicking the door, or slamming his shoulder to the door, were substantial enough to make the

"shaking" of the cruiser visible to onlookers inside the bank, and led Hermann to open the door to attempt to arrest appellant for criminal damaging.

{¶28} During the ensuing struggle, appellant caused physical harm to Hermann and Stryker: Hermann's knee was bleeding, and the knuckle of Stryker's glove was torn off and his knuckle was bleeding. A risk of physical harm can exist when an officer attempts to restrain a suspect. *State v. Gordon*, 2017-Ohio-7147, 95 N.E.3d 994, ¶ 22 (9th Dist.), appeal dismissed*, 151 Ohio St.3d 1525, 2018-Ohio-557, 91 N.E.3d 757, citing *State v. Vactor*, 9th Dist. Lorain No. 02CA008068, 2003-Ohio-7195, 2003 WL 23095277, ¶ 39. Appellee was only required to present evidence that appellant's actions created a *risk* of physical harm to any person. *Gordon*, supra, at ¶ 23*, citing *State v. Washington*, 9th Dist. Lorain No. 11CA010015, 2014-Ohio-1876, 2014 WL 1800410, ¶ 18. In the instant case, appellee presented evidence that physical harm resulted to both officers.

{¶29} We conclude the jury could have reasonably found appellant obstructed official business in struggling with the officers in the back of the cruiser and that his actions created a risk of physical harm.

{¶30} Appellant was also found guilty upon one count of resisting arrest pursuant to R.C. 2921.33(B) [Count II], which states, "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer." Appellant argues there is no evidence how or when Hermann's knee was cut, and characterizes his actions as "cooperative from the inception with Law Enforcement." Again, this argument contradicts appellant's own trial testimony in which he admitted he was aggravated and upset, and "didn't want to deal" with police. T. 194. The weight of

the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79. Hermann testified that he opened the door of the cruiser to arrest appellant when he saw the door bulge out; appellant resisted being cuffed and struggled with both officers inside the cruiser, thrashing, moving, and pulling away. Eventually appellant was cuffed with his hands in front, but he required sedation upon arrival of an E.M.T. squad before he could be transported to the hospital. Appellant was admittedly under the influence of drugs. We find appellant's conviction of resisting arrest is supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶31} Finally, appellant challenges his conviction upon one count of criminal damaging pursuant to R.C. 2909.06(A)(1) [Count III], which provides, "No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent [k]nowingly, by any means." Appellant argues there was no evidence what caused the "banging" on the cruiser door; we note, however, that appellant testified he "knocked" on the cruiser door to get the officers' attention, and when that didn't work, he hit the door with his shoulder. T. 195-196. "Physical harm to property" means "any tangible or intangible damage to property that, in any degree, results in loss to its value or interferes with its use or enjoyment," not including wear and tear occasioned by normal use. R.C. 2901.01(A)(4). As appellant fully acknowledges, he tore down the molding on the interior of the cruiser door. Appellant's admitted actions establish the offense of criminal damaging.

{¶32} We find the trial court did not clearly lose its way and create a manifest miscarriage of justice requiring that appellant's convictions be reversed and a new trial

ordered. Appellant's convictions upon these offenses are not against the manifest weight of the evidence.

{¶33} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Johnson*, 2015–Ohio–3113, 41 N.E.3d 104, ¶ 61 (5th Dist.), citing *State v. Nivens,* 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). The jury need not believe all of a witness' testimony, but may accept only portions of it as true. *Id.*

{¶34} Any inconsistencies in the evidence were for the trial court to resolve. *State v. Dotson*, 5th Dist. Stark No. 2016CA00199, 2017-Ohio-5565, ¶ 49. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." *State v. Delevie*, 5th Dist. Licking No. 18-CA-111, 2019-Ohio-3563, ¶ 30, appeal not allowed*, 158 Ohio St.3d 1410, 2020-Ohio-518, 139 N.E.3d 927, citing *State v. Brindley,* 10th Dist. Franklin No. 01AP-926, 2002-Ohio-2425, 2002 WL 1013033, ¶ 16. In the instant case, appellee's evidence was compelling, and the jury was free to weigh appellant's self-serving testimony accordingly.

{¶35} We find appellant's convictions are not against the manifest weight or sufficiency of the evidence. His first assignment of error is overruled.

II., III., IV.

{¶36} Appellant's remaining assignments of error are related and will be addressed together.  He argues that the trial court erred in overruling his motion in limine and in admitting evidence of his prior convictions; that appellee committed prosecutorial misconduct in asking about the prior convictions and pending charges; and that defense trial counsel was ineffective in challenging admission of the prior convictions.  We disagree.

{¶37} As noted supra in the statement of procedural history, appellee filed a notice of intent to use evidence of appellant's prior convictions and appellant responded with a motion in limine to exclude the evidence.

{¶38} The admission or exclusion of relevant evidence is a matter left to the sound discretion of the trial court. Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967). We further note that a trial court's ruling upon a motion in limine "is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue" and "finality does not attach when the motion is granted." *State v. Grubb*, 28 Ohio St.3d 199, 201–02, 503 N.E.2d 142 (1986), citing *State v. White*, 6 Ohio App.3d 1, 4, 451 N.E.2d 533 (8th Dist.1982). The trial court is at liberty to reconsider the ruling if circumstances arise at trial that further reflect upon the admissibility of the disputed evidence.  *State v. Holbrook*, 5th Dist. Licking No. 16-CA-61, 2017-Ohio-2972, ¶ 24.

{¶39} Upon overruling appellant's motion in limine, the trial court found appellee complied with the pertinent portions of Evid.R. 609:

(A) General Rule. For the purpose of attacking the credibility of a witness:

* * * *.

(2) notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B),[2] evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

(3) notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.

---

[2] Ohio Evid. R. 403 states:

(A) Exclusion Mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

(B) Exclusion Discretionary. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence.

(B) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

{¶40} Appellant argues the trial court erred in overruling the motion in limine and in permitting appellee to cross-examine appellant about convictions older than 10 years because the trial court did not make a determination whether the probative value of admission of the prior convictions outweighed any prejudicial effect. Appellee responds that it was appellant who introduced evidence of his own prior convictions during his direct examination.

{¶41} After appellee rested and before appellant decided whether he would testify, the trial court addressed the admissibility of the prior convictions and appellant renewed his objection thereto, arguing that the prior convictions were irrelevant and

prejudicial. Ultimately the trial court ruled evidence of the prior convictions was admissible in cross-examination of appellant if he testified.

{¶42} Appellant chose to testify and during direct examination, defense trial counsel asked him specifically about each of the prior convictions, including the 2001 "aiding and abetting a robbery and abduction," a 2005 weapons while under disability, and a 2009 misuse of credit cards and receiving stolen property. Counsel then asked, "Um were those [prior felonies] on your mind in any way when this event was going on?" and appellant responded, "No. I haven't been in trouble since then. I mean, it's felonies that." (*sic*). T. 197.

{¶43} Upon cross-examination, the prosecutor asked appellant whether he had been "in trouble" since, and appellant responded that no, he said he hadn't had any felonies. The prosecutor then stated, "In fact right now you've got a charge pending downstairs in Municipal Court and felonies pending." Defense trial counsel immediately objected and the trial court stated this information was "highly prejudicial" and the prosecutor would be limited to questions about convictions, not cases that were still pending. T. 198. The prosecutor then stated, "You've not been in any trouble since then, no wait, just felonies. You have had multiple criminal convictions since those cases ended, isn't that correct?" And appellant answered, "That's correct." T. 198.

{¶44} We agree with appellee that appellant opened the door to the prior convictions. Appellant introduced two issues when he took the stand in his own defense: his prior felony convictions and his credibility, admitting on direct examination he had multiple felony convictions and identifying each of them. Further, appellant claimed, apparently falsely, that he has not been "in trouble" since. Thus, appellant opened the

door to this issue and to his credibility. *State v. Franklin*, 178 Ohio App.3d 460, 2008-Ohio-4811, 898 N.E.2d 990, ¶ 78 (7th Dist.).

{¶45} We further note the trial court did give the jury a limiting instruction, instructing the jury that it was to use the evidence of appellant's prior crimes only in considering his credibility and not for proving his character. T. 232.

{¶46} Finally, the evidence of appellant's guilt was substantial. Hermann's testimony about his encounter with appellant was buttressed by photos of the damage to the cruiser and injuries to the police and by the testimony of two bank-employee eyewitnesses. We find that the trial court did not err in permitting evidence of the prior convictions, and note any error was harmless because appellant ultimately introduced the evidence.

{¶47} Appellant next argues the prosecutor committed misconduct in introducing evidence of the prior convictions and in cross-examining him about the pending cases. The test for prosecutorial misconduct is whether the prosecutor's remarks and comments were improper and if so, whether those remarks and comments prejudicially affected the substantial rights of the accused. *State v. Lott,* 51 Ohio St.3d 160, 166, 555 N.E.2d 293 (1990), cert. denied, 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596 (1990). In reviewing allegations of prosecutorial misconduct, we must review the complained-of conduct in the context of the entire trial. *Darden v. Wainwright,* 477 U.S. 168, 184, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived appellant of a fair trial based on the entire record. *Lott,* supra, 51 Ohio St.3d at 166, 555 N.E.2d 293.

{¶48} The prosecutor asked appellant about pending felony and misdemeanor cases on cross-examination. Evid.R. 609 allows the state to impeach the accused's credibility with evidence of prior felony *convictions.* Here, the prosecutor arguably went beyond the Rule asking appellant about pending cases, a line of questioning that was immediately extinguished by the trial court. In light of appellant's testimony on direct about not being "in trouble" since his felonies, the prosecutor raised the pending cases to attack appellant's credibility for truth and veracity as Evid.R. 609 intends.

{¶49} As we found supra, the trial court did not abuse its discretion in allowing appellee to use appellant's prior convictions to impeach his credibility. Appellant's testimony on direct examination opened the door to further questioning on cross-examination about his prior convictions. Furthermore, since appellant's version of what occurred during the encounter with police contradicted the other witnesses, his credibility was at issue. See, *State v. Brown*, 100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, ¶ 27. Under these circumstances, it was appropriate for the state to impeach appellant and to test his credibility by introducing testimony regarding these prior convictions. *Id.* Furthermore, we find no undue delay or needless accumulation in permitting such evidence under Evid.R. 403(B).

{¶50} "No application of justice permits a defendant to intentionally lead a trial court astray and profit from the misdirection that the defendant himself created." *State v. Bachtel*, 5th Dist. Holmes No. 99-CA-011, 2001 WL 310638, *3, citing *State v. Jennings*, 5th Dist. Ashland No. CA-770, unreported, 1982 WL 5564 (November 24, 1982). Furthermore, the trial court instructed the jury that said evidence could be considered for the sole purpose of evaluating appellant's credibility.

{¶51} Finally, appellant argues defense trial counsel was ineffective in failing to properly object to the evidence of the prior convictions.  As noted supra, defense trial counsel filed a motion in limine to exclude the evidence, and renewed the motion at trial via objection outside the presence of the jury.  Defense trial counsel then asked appellant upon direct examination about each of the specific challenged convictions.  When the prosecutor brought up appellant's pending cases, the trial court *sua sponte* shut down the questions and instructed the prosecutor to stick to appellant's convicted offenses only.  To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).  "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶52} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶53} Appellant challenges defense trial counsel's decision to introduce the prior convictions upon direct examination, a decision we find to be trial strategy. Counsel may have attempted to blunt the impact of the prior convictions upon cross-examination. *State v. Adkins*, 5th Dist. Morrow No. CA-906, 2002-Ohio-3942, ¶ 27. While the trial strategy was ultimately not successful and the tactics were debatable, we find they do not form a basis for ineffective assistance of counsel. *Id.*

{¶54} In the instant case, we find appellant has demonstrated neither ineffectiveness by counsel nor resulting prejudice. Appellant does not suggest what counsel should have done differently, other than request a limiting instruction. The record contains extensive discussion of a limiting instruction (T. 214-217) and as noted supra, the trial court did give a limiting instruction regarding appellant's prior convictions.

{¶55} Appellant's second, third, and fourth assignments of error are overruled.

**CONCLUSION**

{¶56} Appellant's four assignments of error are overruled and the judgment of the

Holmes County Court of Common Pleas is affirmed.

By:  Delaney, J.,

and Baldwin, J.,Concur with

Hoffman conurring separately

*Hoffman, P.J., con*

**{¶57}** I concur in the majority's analysis and disposition of Appellant's second, third, and fourth assignments of error. I further concur in the majority's analysis and disposition of Appellant's first assignment of error as it pertains to his convictions for criminal damaging and resisting arrest.

**{¶58}** I also concur with the majority's decision to affirm Appellant's conviction for obstructing official business, but do so for a different reason.

**{¶59}** The majority concludes the jury could have reasonably found Appellant obstructed official business in struggling with the officers in the back of the cruiser which created a risk of physical harm. (Maj. Op. at ¶29). I suggest the same situation exists anytime a person resists arrest. But does that mean everyone who resists arrest is also guilty of obstructing official business? I think not.

**{¶60}** I find it is the actions of Appellant while inside the cruiser to get the officers' attention which form the underlying basis for the offense. Appellant's actions occurred while Deputy Stryker was searching the vehicle. Appellant's actions impeded and/or delayed that search. This resulted in the officers redirecting their attention to gaining control of Appellant, and ultimately ended in injury to the officers. Accordingly, I concur in the decision to affirm Appellant's conviction on obstructing official business.