**[Cite as *State v. Kiser*, 2026-Ohio-270.]**

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25-COA-022 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Ashland County Court of Common Pleas, Case No. 25-CRI-001 |
| EDSEL KISER | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: January 29, 2026 |

**BEFORE:** Andrew J. King, William B. Hoffman, Robert G. Montgomery, Appellate Judges

**APPEARANCES:** Christopher R. Tunnell, Ashland County Prosecuting Attorney, James B. Reese, III, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Christopher Bazeley, for Defendant-Appellant

OPINION

*Hoffman, J.*

{¶1} Defendant-appellant Edsel Kiser appeals the judgment entered by the Ashland County Common Pleas Court convicting him following jury trial of failure to comply with an order or signal of a police officer (R.C. 2921.331(B),(C)(3)), and sentencing him to a term of eighteen months of incarceration. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} In the early morning hours of January 8, 2025, Deputy Justin Titus of the Ashland County Sheriff's Department was on routine patrol in the village of Mifflin in Ashland County, Ohio. He ran the plates of a vehicle driven by Appellant through BMV. The plate number was not recorded by BMV. The deputy ran the plate number three times to be sure he had not made an error, and all three times the plate number was not found.

{¶3} Deputy Titus activated his lights to attempt to stop Appellant's vehicle. Instead of stopping, Appellant accelerated. Snow was falling, and the road on which Appellant was traveling was a winding road. The deputy activated his siren, and Appellant still did not stop. Appellant reached speeds of 70 miles per hour in a 55 miles per hour zone. Appellant crossed the center line several times, and upon coming into a town, Appellant went through a red light without stopping. After traveling around five miles in six minutes, Appellant pulled into a driveway, where he was arrested.

{¶4} Appellant was indicted by the Ashland County Grand Jury with failure to comply with the order or signal of a police officer and driving under suspension. The case proceeded to jury trial in the Ashland County Common Pleas Court.

{¶5} At trial, Appellant testified the only reason he did not stop his vehicle was because the title had not yet been transferred into his name. He admitted he was speeding because he wanted to get the truck back to his sister's house where her boyfriend, the title holder, lived. He testified he knew he was going to be arrested, and he was worried he would lose the vehicle if it was towed and impounded.

{¶6} The trial court entered a directed verdict of acquittal on the charge of driving under suspension. The jury found Appellant guilty of failure to comply with the order or signal of a police officer, a felony of the fourth degree. The trial court convicted Appellant in accordance with the jury's verdict and sentenced him to a term of incarceration of eighteen months. The trial court ordered forfeiture of the truck Appellant was driving at the time of the offense.

{¶7} It is from the July 23, 2025 judgment entry of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I. KISER'S CONVICTION IS BASED UPON LEGALLY INSUFFICIENT EVIDENCE TO SHOW THAT HE FLED OR ELUDED POLICE OFFICERS AS THOSE TERMS ARE DEFINED BY CASE LAW.

II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED KISER'S MOTION TO INCLUDE A JURY INSTRUCTION FOR A LESSER INCLUDED OFFENSE (LIO).

III. THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING EVIDENCE OF KISER'S PRIOR CONVICTIONS.

I.

{¶8} Appellant argues the State did not present sufficient evidence to demonstrate he fled or eluded Deputy Titus. We disagree.

{¶9} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

{¶10} Appellant was convicted of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), which provides, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

{¶11} The Ohio Supreme Court has defined "flee" as "'[t]o run away from,' 'to try to escape,' '[t]o hasten for safety,' or '[t]o withdraw hastily.'" *State v. Thomas*, 2005-Ohio-4106, ¶ 15, *citing* V Oxford English Dictionary (2d Ed.1989) 1037.

{¶12} The State presented evidence after Deputy Titus activated his lights, Appellant accelerated rather than stopping his vehicle. The deputy activated his siren. Appellant continued to drive without stopping, reaching speeds of 70 mph on a snowy night on winding roads, crossing the center line several times, and running through a red light. Appellant did not stop his vehicle until approximately six minutes and five miles

after the deputy activated his lights to stop Appellant's vehicle. We find this was sufficient evidence, if believed by the jury, to prove Appellant ran away from, tried to escape, or hastened for safety, thereby fleeing from Deputy Titus's signal to stop his vehicle.

**{¶13}** The first assignment of error is overruled.

II.

**{¶14}** In his second assignment of error, Appellant argues the trial court erred in failing to instruct the jury on failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(A) as a lesser-included offense of R.C. 2921.331(B). We disagree.

**{¶15}** A jury charge on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser or inferior offense. *See, e.g., State v. Thomas*, 40 Ohio St.3d 213, paragraph two of the syllabus (1988). In making this determination, the court must view the evidence in a light most favorable to the defendant. *State v. Smith*, 2000-Ohio-166. Nevertheless, an instruction is not warranted every time any evidence is presented on a lesser-included offense. There must be sufficient evidence to allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser-included offense. *State v. Shane,* 63 Ohio St.3d 630, 632-633 (1998); *State v. Conway*, 2006-Ohio-791, ¶ 134. When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. *State v. Miku*, 2018-Ohio-1584, ¶ 53 (5th Dist.).

**{¶16}** Appellant requested a jury instruction on failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(A), which provides, "No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." Appellant argues based on his testimony, the jury could have found he failed to comply with the order or signal of Deputy Titus to stop his vehicle, but did not willfully flee or elude Deputy Titus.

**{¶17}** Appellant testified he was not fleeing from the officer, but was attempting to get the truck to his sister's house to avoid having the vehicle towed and impounded. However, avoiding having the vehicle towed is not a justification for fleeing from police. By his own testimony, he was "hastening to safety," and therefore fleeing from police. His subjective intention to eventually stop the car upon reaching his sister's house may have provided an explanation for his behavior in fleeing from police, but did not provide a legal defense or excuse to fleeing. The mere fact he intended to stop at some point did not change the fact his behavior fell under the legal definition of fleeing from Deputy Titus. We find the evidence did not support a conviction for a violation of R.C. 2921.33(A) and an acquittal of a violation of R.C. 2921.33(B). Therefore, we find the trial court did not abuse its discretion in failing to instruct the jury on the lesser-included offense of failure to comply with the order or signal of a police officer in violation of R.C. 2921.33(A).

**{¶18}** The second assignment of error is overruled.

III.

**{¶19}** In his third assignment of error, Appellant argues the trial court erred in admitting evidence of his two prior convictions of assault on a peace officer. We disagree.

**{¶20}** On direct examination, Appellant admitted to one prior conviction of assault on a peace officer. On cross-examination, the prosecutor questioned Appellant concerning a second conviction of assault on a peace officer. Appellant admitted he was convicted of two counts of assault on a peace officer, a fire fighter and a police officer, arising out of the same chain of events.

**{¶21}** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Evid.R. 404(B). But for the purpose of attacking credibility, evidence the accused has been convicted of a crime is admissible if the crime was punishable by imprisonment in excess of one year and if the court determines the probative value of the evidence outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid. R. 609(A)(2).

**{¶22}** In the instant case, Appellant opened the door to questioning concerning his prior convictions by testifying on direct examination he had previously been convicted of assault on a peace officer. The trial court did not err in allowing evidence elicited by the prosecutor on cross-examination regarding his second conviction of assault on a peace officer. *See, e.g., State v. Franklin,* 2008-Ohio-4811, ¶ 78 (7th Dist.); *State v. Brauchler*, 2020-Ohio-2731, ¶ 44 (5th Dist.).

**{¶23}** The third assignment of error is overruled.

**{¶24}** The judgment of the Ashland County Common Pleas Court is affirmed. Costs are assessed to Appellant.


By: Hoffman, J.

King, P.J. and

Montgomery, J. concur